# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JAQUAN WHITFIELD, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 4:24-CV-00115 SEP |
| ) | |
| THE FEDERAL GOVERNMENT, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff Jaquan Whitfield's motion for leave to proceed *in forma pauperis* in this civil action. Doc. [2]. The Court finds that the motion should be granted and assesses an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(a)(1). In addition, for the reasons set forth below, the Court will require Plaintiff to amend his Complaint on a Court-provided form within 21 days from the date of this Memorandum and Order.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20% of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20% of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has not submitted a *certified* prison account statement. As a result, the Court will require Plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances"). If Plaintiff is

unable to pay the initial partial filing fee, he must submit a *certified* copy of his prison account statement in support of his claim.

## LEGAL STANDARD ON INITIAL REVIEW

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous or malicious, or if it fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (court is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that, "if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir.2004)). But even pro se complaints are required to "allege facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone*, 364 F.3d at 914-15 (federal courts not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). And "procedural rules in ordinary civil litigation" need not be "interpreted so as to excuse mistakes by those who proceed without counsel." *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## THE COMPLAINT

Plaintiff, a pretrial detainee housed at the St. Louis County Justice Center in Clayton, Missouri, filed the Complaint pursuant to 42 U.S.C. § 1983 against: the Federal Government;

Chad Nixson (Jail Administrator, Pemiscot County Jail in Caruthersville, Missouri); Scott Spurlock (Director, Pulaski County Jail in Ulin, Illinois); Jason Woosley (Director, Grayson County Jail in Litchfield, Kentucky); Tommy Greenwell (Sheriff, Pemiscot County Jail in Caruthersville, Missouri); and Robert Helman (Chairman, Pulaski County Jail in Ulin, Illinois). Plaintiff sues Defendants in their individual capacities only.

Plaintiff asserts that his due process rights were violated when he was held "illegally" by the federal government for two years before his case was "finally dismiss[ed]." Doc. [1] at 5. More specifically, he claims that he was illegally held in Pemiscot County Jail by Defendants Nixson and Greenwell from June through December of 2021, during which time he was not adequately treated for Crohn's Disease. *Id*. Plaintiff does not elaborate on these allegations or indicate how Nixson and Greenwell were responsible for the alleged illegality of his detention or for any purported deliberate indifference to his serious medical needs.

Plaintiff further alleges that he was illegally detained by Defendants Spurlock and Helman at the Pulaski County Jail in Ulin, Illinois, from December of 2021 through December of 2022. *Id*. While incarcerated at that location, he claims, his "medical needs weren't properly cared for." *Id*. He does not indicate how Spurlock or Helman personally violated his rights, however.[1] And because the alleged events in Pulaski County, Illinois, occurred within the jurisdiction of the United States District Court for the Southern District of Illinois, Plaintiff's claims relating to those events must be brought in that Court.[2]

Plaintiff next asserts that from December of 2022 through June of 2023, he was illegally held at Grayson County Jail in Litchfield, Kentucky, by Jail Director Jason Woosley. *Id*. at 6. For the same reason that this Court cannot hear Plaintiff's claims relating to Pulaski County Jail

---

[1] Liability under § 1983 is personal. *See Frederick v. Motsinger*, 873 F.3d 641, 646 (8th Cir. 2017). "Government officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015). Accordingly, § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights." *Mayorga v. Missouri,* 442 F.3d 1128, 1132 (8th Cir. 2006) (quoting *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990)). Thus, Plaintiff must allege facts connecting each Defendant to a challenged action. *See Bitzan v. Bartruff,* 916 F.3d 716, 717 (8th Cir. 2019).

[2] Under 28 U.S.C. § 1391(b), an action of this type may be brought only in: "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."

in Illinois, it cannot hear Plaintiff's claims relating to conduct at Grayson County Jail in Kentucky. The United States District Court for the Western District of Kentucky has jurisdiction over those claims. *See* 28 U.S.C. § 1391(b).

## DISCUSSION

The Complaint suffers from several defects, which the Court will allow Plaintiff to address by amending his complaint.

First, Plaintiff brings multiple unrelated claims against different Defendants in this action, which is impermissible. A plaintiff may join in one action as many claims as he has against a *single defendant*. Fed. R. Civ. P. 18(a) (emphasis added). When *multiple defendants* are named, the Court must consider whether the defendants are properly joined under Rule 20(a)(2) of the Federal Rules of Civil Procedure. *See Intercon Research Assocs., Ltd. v. Dresser Indus., Inc.*, 696 F.2d 53, 57 (7th Cir. 1982) (emphasis added). Under Rule 20(a)(2), a plaintiff may join multiple defendants in one action only if his claims against them arise out of the same transaction or occurrence or series of transactions or occurrences and present common questions of law or fact. Unrelated claims against different defendants must be brought in different suits.

As the Court already indicated, Plaintiff's claims related to his incarceration in Kentucky and Illinois must be brought elsewhere. Plaintiff's two claims arising from his time at Pemiscot County Jail in Missouri—i.e., his "illegal" incarceration claim and his deliberate indifference to serious medical need claim—also belong in separate suits. Although both claims relate to Plaintiff's time in the Pemiscot County Jail, they involve neither the same defendants nor the same (or similar) issues of law and fact. If Plaintiff wishes to pursue both claims, he will have to pursue them in separate lawsuits.

Although misjoinder of parties is not grounds for dismissing an action, a Court may, on its own, drop parties or sever any claim against a party to remedy the misjoinder. Fed. R. Civ. P. 21. Rather than sever claims on its own, the Court will give Plaintiff the opportunity to file an amended complaint so that Plaintiff can decide what to pursue in this lawsuit.

With respect to his illegal incarceration claim, Plaintiff should note that the federal government, including its departments, cannot be sued under § 1983 without its consent. *Iverson v. United States,* 973 F.3d 843, 846 (8th Cir. 2020); *see also Hinsley v. Standing Rock Child Protective Services*, 516 F.3d 668, 671 (8th Cir. 2008) ("It is well settled that the United States

may not be sued without its consent."). Nowhere in the Complaint does Plaintiff indicate that the federal government has consented to his lawsuit.

With respect to his claim related to medical care at Pemiscot County Jail, Plaintiff's Complaint does not sufficiently allege deliberate indifference to his serious medical needs. Under the Eighth Amendment, the government has an obligation to provide medical care to those it has incarcerated. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). To demonstrate constitutionally inadequate medical care, the inmate must show that a prison official's conduct amounted to deliberate indifference. *Dulany v. Carnahan*, 132 F.3d 1234, 1237-38 (8th Cir. 1997). To establish deliberate indifference, a plaintiff must prove that he suffered from an objectively serious medical need, and that prison officials actually knew of and disregarded that need. *Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019). A "serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997). To show that an official has been deliberately indifferent to—rather than just negligent of—such a need, an inmate "must show grossly incompetent or inadequate care 'so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care.'" *Redmond v. Kosinski*, 999 F.3d 1116, 1120 (8th Cir. 2021) (quoting *Dulany*, 132 F.3d at 1242).

Plaintiff's Complaint alleges only that his medical needs were "unmet" while he was housed at Pemiscot County Jail. He does not even indicate that he sought treatment for his Crohn's disease from a specific person and was denied treatment, or that he suffered as a result—much less that the care he received from a specific individual was "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." *Id.*

The Court will allow Plaintiff 21 days to attempt to successfully state a claim relating to his time in Pemiscot County Jail. He must follow the instructions set forth below when amending his Complaint on the Court-provided form.

### INSTRUCTIONS FOR AMENDING THE COMPLAINT

An amended complaint completely replaces the original complaint. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). Plaintiff must type or neatly print the amended complaint on

the Court's prisoner civil rights complaint form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms where applicable.").

In the "Caption" section of the complaint form, Plaintiff should write the name of the defendant(s) he intends to sue. *See* Fed. R. Civ. P. 10(a). Plaintiff must avoid naming a person as a defendant unless that person is directly related to his claim. Plaintiff must specify the capacity in which he sues the defendant.

In the "Statement of Claim" section, Plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, Plaintiff should set forth a short and plain statement of the facts that support his claim or claims against that defendant. *See* Fed. R. Civ. P. 8(a). Plaintiff's allegations must be simple, concise, and direct. *See id.* Each numbered paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). Plaintiff should avoid including unnecessary detail in the amended complaint.

If Plaintiff names only one defendant, he may set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a). If he names more than one defendant, he may include only claims that arise out of the same transaction or occurrence—that is, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Plaintiff may file a separate civil action to assert any unrelated claim or claims.

It is important that Plaintiff allege facts explaining how each defendant was personally involved in or directly responsible for harming him. *See Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990). Plaintiff must explain the role of the defendant well enough that the defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion seeking leave to commence this action without prepaying fees or costs, Doc. [2], is **GRANTED**.

**IT IS FURTHER ORDERED** that, within 21 days of the date of this Order, Plaintiff must pay an initial filing fee of $1.00. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall mail to Plaintiff a copy of the Court's form Prisoner Civil Rights Complaint Under 42 U.S.C. § 1983.

**IT IS FURTHER ORDERED** that, within 21 days of the date of this order, Plaintiff must file an amended complaint in accordance with the instructions herein.

**Plaintiff's failure to timely comply with this order may result in the dismissal of this case, without prejudice and without further notice.**

Dated this 13th day of September, 2024.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE