# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| JAQUAN WHITFIELD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 4:24-CV-00115 SEP |
| | ) | |
| THE FEDERAL GOVERNMENT, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff Jaquan Whitfield's Amended Complaint. Doc. [6]. Having determined that the Amended Complaint fails to state a claim upon which relief may be granted, the Court will dismiss this action without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B).

### LEGAL STANDARD ON INITIAL REVIEW

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous or malicious, or if it fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. The Court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (court not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that, "if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015)

(quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).  But even pro se complaints must "allege facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone*, 364 F.3d at 914-15 (federal courts not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").  And "procedural rules in ordinary civil litigation" need not be "interpreted so as to excuse mistakes by those who proceed without counsel." *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## BACKGROUND

Plaintiff Jaquan Whitfield, a pretrial detainee housed at St. Louis County Justice Center in Clayton, Missouri, filed an initial complaint in this action on January 23, 2024.  Doc. [1].  Plaintiff filed the complaint pursuant to 42 U.S.C. § 1983 against the Federal Government, Chad Nixson (Jail Administrator, Pemiscot County Jail in Caruthersville, Missouri); Scott Spurlock (Director, Pulaski County Jail in Ulin, Illinois); Jason Woosley (Director, Grayson County Jail in Litchfield, Kentucky); Tommy Greenwell (Sheriff, Pemiscot County Jail in Caruthersville, Missouri); and Robert Helman (Chairman, Pulaski County Jail in Ulin, Illinois).  Plaintiff sued Defendants in their individual capacities only.

The Court ordered Plaintiff, on September 13, 2024, to amend his complaint to address certain defects.  *See* Doc. [5].  For example, Plaintiff asserted that his due process rights were violated when he was held "illegally" in Pemiscot County Jail by Defendants Nixson and Greenwell from June through December of 2021, during which time he was not adequately treated for Crohn's Disease.  Doc. [1] at 5.  But Plaintiff failed to indicate how Nixson and Greenwell were responsible for the alleged illegality of his detention or for any purported deliberate indifference to his serious medical needs.

## THE AMENDED COMPLAINT

Plaintiff filed an amended complaint in this matter on September 30, 2024.  Doc. [6].  The sole named Defendant in the Amended Complaint is the Federal Government, *i.e.*, the United States of America.  *Id*. at 2.  Plaintiff states that he is suing the Federal Government in its official capacity.  *Id*.

Plaintiff alleges that the Federal Government violated his due process rights under the Fifth and Fourteenth Amendments by "neglect[ing] [his] chronic illness" of Crohn's Disease.  *Id*. at 4.  He asserts in conclusory fashion that each facility he was housed in neglected him

medically in relation to his chronic illness. *Id*. But he fails to articulate what the Federal Government did to cause medical neglect of his chronic medical issues. Plaintiff also asserts in conclusory fashion that the "federal government also violated my due process on other reasonable charges I am facing and still facing to this day because of the two years in federal custody." *Id*. at 6.

Plaintiff seeks monetary damages in an amount of eight million dollars. *Id*. at 8.

## Discussion

Plaintiff filed this action on a Court-provided form for bringing allegations pursuant to 42 U.S.C. § 1983, a statute that provides a "broad remedy for violations of federally protected civil rights." *Monell v. Department of Social Services*, 436 U.S. 658, 685 (1978). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation of that right was committed by *a person* acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff here does not allege that any particular person violated his federally protected rights while acting under color of state law.[1] His § 1983 claim thus lacks an essential element.

In case Plaintiff intends to sue Attorney General Merrick Garland and not the Federal Government as a whole, the Court has considered whether the Amended Complaint states a valid claim under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). It does not. The Amended Complaint does not assert a cause of action that the Supreme Court has previously recognized under *Bivens*, and expanding *Bivens* is "now a 'disfavored' judicial activity." *Ziglar v. Abbasi,* 582 U.S. 120, 121 (2017) (quoting *Iqbal,* 556 U.S. at 675). And even if this case was the type for which a *Bivens* remedy was available, it would be dismissed. The Court must assume that Plaintiff sues Attorney General Garland in his official capacity; an official capacity *Bivens* suit is effectively a suit against the United States; and a *Bivens* action cannot be prosecuted against the United States due to sovereign immunity. *Buford*

---

[1] Plaintiff also neglects to identify specific individuals at federal facilities who allegedly failed to provide adequate medical care for his chronic illness. Liability under § 1983 is personal. *See Frederick v. Motsinger*, 873 F.3d 641, 646 (8th Cir. 2017). "Government officials are personally liable only for their own misconduct." *S.M. v. Krigbaum,* 808 F.3d 335, 340 (8th Cir. 2015). Accordingly, § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights." *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006) (quoting *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990)). Plaintiff's failure to connect a specific defendant to the alleged deliberate indifference to his serious medical needs is fatal to his claim for relief.

*v. Runyon*, 160 F.3d 1199, 1203 (8th Cir. 1998); *see also Laswell v. Brown*, 683 F.2d 261, 268 (8th Cir. 1982) ("*Bivens* and its progeny do not waive sovereign immunity for actions against the United States; it implies a cause of action only against federal officials").

    For the foregoing reasons, the Amended Complaint fails to state a claim upon which relief may be granted. This case is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

    Accordingly,

    **IT IS HEREBY ORDERED** that this case is **DISMISSED** without prejudice. A separate Order of Dismissal will be entered herewith.

    **IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

    Dated this 7th day of October, 2024.

                                            SARAH E. PITLYK
                                            UNITED STATES DISTRICT JUDGE